# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 12, 2010

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 11-CR-0353 (RBW)** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **MARC A. GERSEN,** | : | |
| **LEE M. HYLTON,** and | : | **VIOLATIONS:** |
| **MICHAEL A. TALON,** | : | **21 U.S.C. § 846** |
| | : | **(Conspiracy to Distribute and Possess with** |
| Defendants. | : | **Intent to Distribute 500 Grams or More** |
| | : | **of Methamphetamine)** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| | : | **(Unlawful Possession with Intent to** |
| | : | **Distribute Gamma Hydroxybutyric Acid)** |
| | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(viii)** |
| | : | **(Unlawful Possession with Intent to** |
| | : | **Distribute 50 Grams or More of** |
| | : | **Methamphetamine)** |
| | : | **18 U.S.C. § 1956(a)(1)(B)(i)** |
| | : | **(Laundering of Monetary Instruments)** |
| | : | **21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1)** |
| | : | **(Criminal Forfeiture)** |

### I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

From on our about the Summer of 2011, the exact date being unknown to the Grand Jury, and continuing through December 1, 2011, within the District of Columbia, and elsewhere, **MARC A. GERSEN, LEE M. HYLTON,** and **MICHAEL A. TALON,** together with other persons both known and unknown to the Grand Jury, unlawfully, knowingly, and willfully did combine, conspire, confederate and agree to distribute and to possess with intent to distribute a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance, and said mixture and substance was 500 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## GOAL OF THE CONSPIRACY

It was the goal of the conspiracy to acquire money and other things of value by obtaining and selling quantities of methamphetamine.

## MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY

The members of the conspiracy knowingly and intentionally distributed, caused to be distributed, and possessed with intent to distribute, methamphetamine in the District of Columbia and elsewhere. The manner and means by which the co-conspirators operated their illegal drug trafficking organization, include, but are not limited to the following:

1. It was part of the conspiracy that the co-conspirators obtained wholesale quantities of methamphetamine from suppliers, and arranged for the methamphetamine to be transported to the District of Columbia. It was further part of the conspiracy that MARC A. GERSEN traveled outside of the District of Columbia to arrange purchases of wholesale quantities of methamphetamine.

2. It was further part of the conspiracy that LEE M. HYLTON maintained records of drug transactions conducted by the co-conspirators, including records of amounts of money paid and owed to and by members of the conspiracy.

3. It was further part of the conspiracy that MARC A. GERSEN and MICHAEL A. TALON stored quantities of methamphetamine inside of MARC A. GERSEN's apartment.

4.      It was further part of the conspiracy that MARC A. GERSEN and MICHAEL A. TALON redistributed wholesale quantities of methamphetamine to other drug distributors in the District of Columbia both on consignment and for cash.

5.      It was further part of the conspiracy that MARC A. GERSEN deposited checks and cash received in payment for methamphetamine into bank accounts in his name.

## OVERT ACTS

In furtherance of this conspiracy and in order to effect the objects and goal thereof, the defendants and other co-conspirators known and unknown to the Grand Jury committed overt acts, including but not limited to the following:

1.      On or about June 4, 2011, MARC A. GERSEN received a check in the amount of $1,200 in payment for methamphetamine.

2.      On or about June 20, 2011, MARC A. GERSEN deposited a check in the amount of $1,200 into a bank account at the Bank of America.

3.      In September 2011, MARC A. GERSEN sold methamphetamine to an individual known to the Grand Jury in exchange for approximately $4,500.

4.      On about September 26, 2011, MARC A. GERSEN deposited $5,000 in cash, into a bank account at the PNC Bank.

5.      On or about September 26, 2011, MARC A. GERSEN deposited $7,000 in cash, into a bank account at the TD Bank.

6.      On or about November 11, 2011, MARC A. GERSEN received a check in the amount of $675 in payment for methamphetamine.

7. On or about November 16, 2011, MARC A. GERSEN deposited a check in the amount of $675. into an account at the Wells Fargo Bank.

8. On or about November 28, 2011, LEE M. HYLTON, MICHAEL A. TALON and a co-conspirator not indicted herein, met in MARC A. GERSEN's apartment in the District of Columbia to discuss obtaining and distributing methamphetamine.

9. On or about November 28, 2011, LEE M. HYLTON and a co-conspirator not indicted herein, brought methamphetamine to a meeting in MARC A. GERSEN's apartment.

10. On or about November 29, 2011, MICHAEL A. TALON and MARC A. GERSEN stored a wholesale quantity of gamma hydroxybutyric acid in MARC A. GERSEN's apartment.

11. On or about November 29, 2011 MICHAEL A. TALON arranged for an individual known to the Grand Jury to rent a hotel room.

12. On or about November 29, 2011, LEE M. HYLTON, MICHAEL A. TALON, and a co-conspirator not indicted herein met at the Donovan House Hotel in the District of Columbia to discuss the search of MARC A. GERSEN's apartment by police.

13. On or about November 29, 2011, LEE M. HYLTON brought methamphetamine to the Donovan House Hotel.

14. On or about November 30, 2011, MARC A. GERSEN removed approximately $70,000. from a safe deposit box in the District of Columbia.

15. On or about November 30, 2011, MARC A. GERSEN gave approximately $70,000. to an individual known to the Grand Jury.

16. On or about November 30, 2011, MICHAEL A. TALON arranged for an individual known to the Grand Jury to rent a room in the Beacon Hotel.

17. On or about November 30, 2011, LEE M. HYLTON drove MICHAEL A. TALON and an individual known to the Grand Jury to the Beacon Hotel in the District of Columbia.

18. On or about November 30, 2011, LEE M. HYLTON sent a bag containing currency and methamphetamine to the Beacon Hotel.

19. On or about November 30, 2011, MICHAEL A. TALON and a co-conspirator not indicted herein weighed methamphetamine in the Beacon Hotel.

20. On or about November 30, 2011, MICHAEL A. TALON and a co-conspirator not indicted herein packaged methamphetamine in the Beacon Hotel.

21. On or about November 30, 2011, MICHAEL A. TALON distributed methamphetamine to an individual known to the Grand Jury.

22. On or about December 1, 2011, LEE M. HYLTON arranged for a co-conspirator not indicted herein to distribute a quantity of methamphetamine to an individual known to the Grand Jury.

> (**Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Methamphetamine**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about November 29, 2011, within the District of Columbia, **MARC A. GERSEN** and **MICHAEL A. TALON**, did unlawfully, knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of Gamma Hydroxybutyric Acid, also known as GHB, a Schedule I controlled substance.

> (**Unlawful Possession with Intent to Distribute Gamma Hydroxybutyric Acid**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about December 1, 2011, within the District of Columbia, **MARC A. GERSEN, LEE M. HYLTON** and **MICHAEL A. TALON**, did unlawfully, knowingly and intentionally possess with intent to distribute Methamphetamine, also known as Ice, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, and the amount of said Methamphetamine was 50 grams or more.

> (**Unlawful Possession with Intent to Distribute 50 Grams or More of Methamphetamine**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(viii))

## COUNT FOUR

On or about November 30, 2011, in the District of Columbia, **MARC A. GERSON** did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, as set forth below, that involved the proceeds of specified unlawful activity, that is conspiracy to distribute controlled substances, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity.

| Date | Financial Transaction | Amount of Currency |
| --- | --- | --- |
| On or about November 30, 2011 | Removal of currency from safe deposit box at PNC Bank | Approximately $70,000 |

> (**Laundering of Monetary Instruments,** in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i))

## FORFEITURE ALLEGATION

1.      The violations alleged in Counts One and Four of this Indictment are re-alleged as though set forth fully herein and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America, pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

2.      As a result of the offense alleged in Count One of this Indictment, defendants **MARC A. GERSEN, LEE M. HYLTON, and MICHAEL A. TALON** shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation alleged in Count One; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation alleged in Count One, including, but not limited to:

> Money Judgment:
>
> judgment in favor of the United States of America for a sum of money equal to the value of the property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation alleged in Count One.

3.      By virtue of the commission of the felony offense charged in Count One of this Indictment, any and all interest that the defendants, **MARC A. GERSEN, LEE M. HYLTON,** and **MICHAEL A. TALON** have in (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation alleged in Count One; and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation alleged in Count One is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

4. As a result of the offense alleged in Count Four of this Indictment, defendant **MARC A. GERSEN** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense alleged in Count Four, and any property traceable to such property, including, but not limited to:

Money Judgment:

a sum of money equal to the value of the property, real or personal, involved in the offense alleged in Count Four, and any property traceable to such property.

5. By virtue of the commission of the felony offense charged in Count Four of this Indictment, any and all interest that defendant **MARC A. GERSEN** has in any property, real or personal, involved in the offense alleged in Count Four, and any property traceable to such property, is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

>   **(Criminal Forfeiture,** in violation of Title 21, United States Code, Section 853 and Title 18 United States Code, Section 982(a)(1))

                                A TRUE BILL:


                                FOREPERSON.


Attorney of the United States in
and for the District of Columbia