UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | :    Criminal No. 11-0353-01 |
| | : |
| MARC GERSEN | : |

### MOTION TO SUPPRESS UNLAWFULLY INTERCEPTED EVIDENCE

Defendant Marc Gersen, through undersigned counsel, in accordance with Fed. R. Crim. P. 12(b)(3), 18 U.S.C. § 3504 and 18 U.S.C. § 2518(10)(a) respectfully moves the Court to suppress all evidence obtained by the unlawful recording of his oral communications. In support of this motion, Mr. Gersen states the following:

Discovery provided by the Government reveals that Marc Gersen's oral communications were intercepted in September-October 2011, by Jeremy Fassina, who is now a cooperating witness. Mr. Fassina recorded oral in-person private conversations which he had with Mr. Gersen without Mr. Gersen's knowledge or consent.

18 U.S.C. § 2518 (10)(a) permits any "aggrieved person" to move to suppress evidence derived from electronic surveillance. 18 U.S.C. § 2510 (11) defines "aggrieved person" as "a person who was a party to any interested wire, oral or electronic communication or a person against whom the interception was directed." Mr. Gersen is an "aggrieved" person within the meaning of 18 U.S.C. § 2510 (11), and may therefore move to suppress the contents of such recordings.

1

Mr. Fassina made at least four recordings of his private conversations with Mr. Gersen apparently on September 29, 2011 at 3:32 and 3:45 am; on October 3, 2011, at 11:55pm, and on October 4, 2011, at 12:00 am.[1]  During the recorded conversations Mr. Gersen can be heard distributing methamphetamine; discussing drug distribution, and using methamphetamine with Mr. Fassina.  In addition, during two of the recordings Mr. Gersen responds to a phone call and offers legal advice apparently to a friend in trouble.  Several of the recorded conversations took place in the privacy of Mr. Gersen's own home.

It is evident from, among other things, the admissions which Mr. Fassina seeks to elicit from Mr. Gersen that Mr. Fassina made the recordings for the purpose of extortion or for one or more of the following unlawful purposes: as a receipt for the recorded illegal drug transactions; for the later tortious use in the intentional infliction of emotional distress, or to further the ends of his criminal enterprise.

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510–2520, tightly regulates the use of wiretaps and other electronic surveillance by private citizens as well as government agents. *United States v. Vest,* 813 F.2d 477, 481 (1st Cir.1987), *citing Gelbard v. United States,* 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972); *Chandler v. United States Army,* 125 F.3d 1296, 1302 (9th Cir. 1997).

Title III prohibits the unlawful interception of communications by private individuals because the disclosure of intercepted communications through their introduction into evidence at

---

[1] Mr. Fassina also recorded conversations he had with other people identified by the government as "other defendants and investigative targets;" presumably people from whom Mr. Fassina also bought drugs.  The government has not provided copies of the recordings Fassina made of others.

trial would intrude on the privacy of the individual regardless of who intercepted the communications. *Vest, supra,* 813 F.2d at 481.

> To hold that section 2515 allows the government's use of unlawfully intercepted communications where the government was not the procurer 'would eviscerate the statutory protection of privacy from intrusion by illegal private interception.' The protection of privacy from invasion by illegal private interception as well as unauthorized governmental interception plainly 'play[s] a central role in the statutory scheme.

*Id. (citations omitted).*

Thus there is no "innocent recipient exception" by which the government might avoid suppression where it is an innocent recipient, rather than the procurer, of an illegally-intercepted communication. *See, e.g., United States v. Vest,* 813 F.2d 477, 481 (1st Cir.1987) (recording of a bribe intended to serve as a "receipt" suppressed even though government not involved in its creation); *Chandler v. United States Army,* 125 F.3d 1296, 1302 (9th Cir. 1997)(rejecting clean hands exception to the use of unlawfully intercepted communications in military disciplinary proceedings). [2]

The statute prohibits the use of unlawful interceptions and their fruits as evidence in federal proceedings:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, … if the disclosure of that information would be in violation of this chapter.

18 U.S.C. § 2515.

---

[2] Defendants may not benefit from suppression of the unlawful recordings they themselves made. *See, e.g., United States v. Liddy,* 354 F.Supp. 217, 221 (D.D.C. 1973)(Sirica, C.J.)(Congress can not have intended Title III to enable those who violate the statute by unlawfully intercepting communications from escaping prosecution by invoking the same statutory prohibition on the government from disclosing evidence of the unlawful interceptions). However, here Mr. Gersen was the victim of the unlawful interceptions and not their perpetrator.

Title III prohibits all interceptions of electronic communications not specifically authorized by its own provisions. 18 U.S.C. § 2511(1)(a). Among other authorized uses, the statute provides that private individuals may intercept communications "where such person is a party to the communication ... unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d).

Because Mr. Fassina recorded Mr. Gersen either for extortion; for the purpose of keeping a record of Fassina's illegal drug transactions; for the later tortious use in the intentional infliction of emotional distress, or to further the ends of Fassina's criminal enterprise, the recordings must be suppressed. *Compare United State v. Lam,* 271 F.Supp. 2d 1182, 1183-84 (N.D. Cal. 2003)[telephone conversations during which callers took bets and settled balances which were taped by one codefendant for the purpose of keeping a record of his illegal gambling business were suppressed because keeping business records for unlawful gambling activities was an unlawful purpose and thus not among the exception set forth in section 2511(2)(d)].

WHEREFORE the Court should suppress the use as evidence of the recordings made by Jeremey Fassina. Mr. Gersen seeks a hearing on the instant motion.

                                              Respectfully submitted,

                                              _____/s/_____

                                              Nikki Lotze
                                              Counsel for Marc Gersen

                                              LOTZE MOSLEY, LLP
                                              400 7th Street, N.W.
                                              Suite 202
                                              Washington, D.C. 20004
                                              (202) 393-0535