U.S. Department of Justice

**FILED**

Ronald C. Machen Jr.
United States Attorney

NOV ~ 9 2012

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 28, 2012

BY ELECTRONIC MAIL
Nikki Lotze, Esquire

Re: *United States v. Marc A. Gersen*
*Criminal Case Number 11-00353-01(RBW)*

Dear Ms. Lotze:

This letter confirms the agreement between your client Marc Gersen and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

### Charges and Statutory Penalties

Your client, Marc Gersen, agrees to admit guilt and enter a plea of guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(b)(1)(C) as a lesser included offense of the offense Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams of Methamphetamine as charged in Count One of the pending Superseding Indictment. Your client understands that pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C), the charge of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine carries a maximum term of 20 years imprisonment, a fine of up to $1,000,000 and a term of at least three years, and up to a theoretical term of life of supervised release. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of

1

Offense. In addition, at the time of sentencing, the Government will move to dismiss the other counts against your client in the pending Superseding Indictment. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Recommendation as to Appropriate Sentence

Your client and the Government agree that a sentence of 48 months imprisonment is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.  The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. Your client further understands that if the Court rejects the plea agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case. This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines and terms of supervised release.

Your client further understands that if the Court rejects the parties' recommendation for an appropriate sentence as set forth in this agreement, and your client does not withdraw his plea, and the government does not exercise its right to withdraw from the agreement, your client will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Further, your client understands that in that case, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.   Your client also understands that pursuant to 18 U.S.C. § 3571 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to § 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 50 but less than 200 grams of methamphetamine which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement.

### Debriefing

Prior to entry of his guilty plea, your client will debrief with representatives of the government and provide truthful information concerning the charged offense in this case and other offenses that were part of a common scheme or plan. The scope of the debriefing is that set forth in U.S.S.G.§5C1.2(a)(5).

### Factual Stipulation

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Release/Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case and that if a term of incarceration is imposed that he will not seek to be released after sentencing.

### Waiver of Rights

In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Court Not Bound by the Guidelines

Your client understands should the Court not accept the recommended sentence of 48 months incarceration, and your client not withdraw his plea, and the government does not

exercise its right to withdraw from the agreement, sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u> (2011 ed). Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

### Reservation of Allocution

Your client understands that subject to the provisions of this agreement with respect to a recommended sentence, this Office reserves its full right of allocution for purposes of sentencing in this matter if the Court does not impose the sentence recommended by the parties. Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw his plea, and the government not exercise its right to withdraw from the agreement, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Appeal Waiver

Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords your client the right to appeal the sentence in this case. Your client is aware that in the event that sentence is imposed upon consideration of the Sentencing Guidelines rather than in accordance with paragraph three, the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. § 5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. § 2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your

4

client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

### Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Superseding Indictment that relates to Count One of the Superseding Indictment. Specifically, your client agrees to the forfeiture of a money judgment in favor of the United States to be entered against defendant for a sum of money equal to the value of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violation alleged in Count One of the Superseding Indictment, and for which your client is jointly and severally liable with co-defendants in the underlying matter. The Court will determine the amount of this sum of money at sentencing.

(b) Additionally, your client consents to the forfeiture of all of his interest, whatever it might be, in all items seized by any law enforcement agents during the investigation leading up to your client's arrest on the charge to which he is pleading guilty, including anything seized after that arrest. Although not limited to this, your client's consent includes his waiver, hereby, of any objection he might be able to make to the conduct of any forfeiture process for any or all of these items, including a failure to give your client timely notice during the conduct of any forfeiture proceedings, whether administrative or judicial. This includes, but is not limited to, cash and financial accounts seized in relation to this case.

(c) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for this property as part of his sentence.

(d) Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, even though this agreement does not specifically identify such an asset. Regarding any asset or property not identified specifically in this plea agreement, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as a result of the violation to which your client is pleading guilty; (2) any and all of your client's property used, or intended to be used to, in any manner or part, to commit, or to facilitate the commission of, such violation; and (3) any substitute assets for property otherwise subject to forfeiture. *See* 21 U.S.C. § 853.

(e) By this plea agreement, your client agrees that he has waived any and all interest he has in these assets or properties and consented to their forfeiture by whatever process the government chooses. Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state,

local, or federal.   If your client already has filed a claim to any of these assets or property in any forfeiture process, he hereby agrees to withdraw it.   He also agrees that he will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type.   In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, your client hereby abandons any interest he has in such property and consents to its destruction by the law enforcement agency.

(f)   Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes.   If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise his of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(g)   Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since November 2011, or in which your client has or had during that time any financial interest.   Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement.   Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client.   Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years.   Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(h)   Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement.   In the event of such a breach:   (a) the Government will be free from its obligations under the Agreement; (b) your client will not have

the right to withdraw the guilty plea; (c) your client  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by probable cause. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement.   Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution in this case that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

MAGDALENA ACEVEDO
United States Attorney

PATRICIA STEWART
Assistant United States Attorney

8

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Nikki Lotze, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____        _____
                                 MARC A. GERSEN
                                 Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date:_____        _____
                                 NIKKI LOTZE, Esquire
                                 Attorney for the Defendant

9