UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMIBA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | **Criminal No. 11-353-01** |
| **v.** | : | |
| **MARC A. GERSEN,** | : | |
| Defendant. | | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING AND MOTION FOR DECREASE IN OFFENSE LEVEL PURSUANT TO USSG §3E1.1(b)

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia respectfully submits this Memorandum in Aid of Sentencing.

**Factual and Procedural Background**

The defendant was arrested on probable cause and charged with conspiracy by Metropolitan Police officers on December 1, 2011. The arrest took place outside of a hotel in the District of Columbia; inside the hotel, the defendant's co-defendants were packaging and storing a large quantity of crystal methamphetamine. Police officers stopped and arrested the defendant as he walked toward the hotel.

Investigation determined that at least since the spring of 2011, the defendant, while a law student, travelled to California on several occasions to purchase methamphetamine which he then shipped to the District of Columbia. He supplied co-defendant Lee Hylton with wholesale quantities of the methamphetamine. He also supplied other individuals either directly, or through intermediaries such as co-defendant Michael Talon, with methamphetamine that they in turn re-distributed to others in the Washington, D.C. metropolitan area. The defendant was paid substantial amounts of money for the methamphetamine he sold, usually in cash. He stored cash proceeds in mailing envelopes in his residence, and deposited some in bank accounts that he

opened during the conspiracy; in one case he deposited approximately $70,000 that he obtained from drug trafficking in a safe deposit box in the District of Columbia.

Based on information provided to police by a witness, police officers obtained and executed a search warrant at the defendant's apartment on November 29, 2011. No one was present during the search; the defendant was visiting his family in Florida, and co-defendant Michael Talon who was living with the defendant, was away from the apartment. Officers recovered Gamma Hydroxybutric Acid (GHB) and chemicals used to manufacture the substance in the defendant's apartment. The recovery of those items led to the charges of possession with intent to manufacture GHB against the defendant and co-defendant Talon.

The defendant subsequently was indicted on charges of conspiracy to distribute and possess with intent to distribute methamphetamine, and later in a superseding indictment, with conspiracy to distribute and possess with intent to distribute, 500 grams or more of methamphetamine, possession with intent to distribute GHB, and possession with intent to distribute 50 grams or more of methamphetamine. The defendant was also charged with a single count of money laundering based on his having removed $70,000 of drug proceeds from a safe deposit box, and given the money to a relative who later deposited the money in her own bank accounts.

On November 9, 2012, the defendant pled guilty to the offense of conspiracy to distribute and possess with intent to distribute methamphetamine as a lesser included offense of Count One of the superseding indictment. The guilty plea was pursuant to a plea agreement with the government in which the parties agreed to recommend that the Court impose a sentence of 48 months incarceration. As a condition of the government's entering into the agreement, the defendant was required to be interviewed by investigators prior to entering the plea, and to agree

to entry of a money judgment in satisfaction of the forfeiture allegation in the indictment. The defendant did debrief with law enforcement, and in the government's assessment, provided truthful information concerning the methamphetamine trafficking conspiracy and his role in it. He has agreed to entry of final order of forfeiture in the form of a money judgment in the amount of $120,000.

### Guideline Calculations

The government agrees with the advisory sentencing guidelines set forth in the Presentence Report. Because the defendant gave timely notice of his intent to enter a guilty plea in this case, the government moves pursuant to U.S.S.G. 31.1(b) for an additional one level decrease in the offense level. In addition, he is eligible for safety-valve treatment, and an additional two level decrease in offense level is therefore included in the calculations.

### Sentencing Recommendation

The government requests that the Court impose a sentence of 48 months incarnation as recommended by the parties. In reaching an agreement with respect to a recommended sentence, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties considered the resources that would be expended at trial in this case, the numerous legal issues to be litigated and the litigation risks to both parties inherent in trial of a case of this nature. The government requests that the Court impose the recommended sentence not only because it serves to conserve resources, and bring certainty to the parties with respect to the outcome of the case, but also because it is an appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553.

The nature and seriousness of the offense are obvious. The defendant obtained and distributed wholesale quantities of methamphetamine, a highly addictive and dangerous drug. The Court need look only to the individuals who have appeared before it to appreciate the

devastation that methamphetamine addiction causes to users of the drug.  The manner in which the drug is distributed in the District of Columbia only increases its dangerousness. Unlike drugs that are distributed in street sales and open air markets, methamphetamine in this jurisdiction is usually sold through online or social contacts, out of sight of law enforcement.  Undercover operations are difficult, dealers run little risk of being identified, and the proliferation of the drug's use continues largely unchecked.

The defendant's own history and characteristics also support imposition of the recommended sentence. While conviction in the instant offense will represent his first criminal conviction, this case is not the first time has been charged with offenses involving drug trafficking. As noted in the government's motions to admit other crimes evidence (Documents #29, #61), the defendant has twice previously been charged with drug offenses.  In 2009, while he was a graduate student in Berkeley California, he was arrested and charged with various offenses, including transportation of controlled substances, after a search warrant was executed at his residence. Pursuant to a plea agreement that provided for a sentence of three years' probation, he entered a plea of nole contendere to the offense of felony possession of MDMA, and was pending sentencing in Alameda County Circuit Court at the time of his arrest in the instant case.  While on release status in the 2009 case, in 2010, he was charged with possession of methamphetamine for sale by San Francisco police after he and another individual were found in a hotel room with a large quantity of crystal methamphetamine.  The defendant entered into drug treatment and received a sentence of diversion in that case.  A sentence of incarceration in this case will be the defendant's first.

4

The defendant clearly has an impressive academic record as set forth in the Presentence Report and in letters to the Court. The government has no reason to dispute the defendant's impressive intellect, or that he himself was addicted to methamphetamine during the period of the conspiracy. From the letters written on his behalf, during this same time period, he impressed those who knew him as someone who cared deeply about the law and wanted to serve the public good, while struggling with his drug addiction. We have some difficulty reconciling that image with that of the defendant who was trafficking in wholesale quantities of methamphetamine, while knowing full well the devastation of methamphetamine use on the lives of those addicted to it. The defendant was not someone who sold drugs only to the extent he needed to do so to support his own addiction. He trafficked in wholesale quantities of drugs and bragged of his success in doing so. What emerges from accounts of his fellow drug dealers, his customers and his own words, is of a drug dealer who believed that because of his intellectual ability, he was able to outwit law enforcement and avoid detection in conducting his drug trafficking operation.

There is no doubt that the defendant has lost a great deal since being arrested in this case. In addition to his loss of freedom, his hopes for a legal career have experienced a substantial setback. On the other hand, he may have gained something more valuable as a result of his incarceration. Based on letters submitted to the Court, the defendant has reached out to help other inmates, using his skills to teach and encourage them. In doing so, he have he may have started on the path to being a contributing member of society, something he clearly has the ability to do. Given his past history, the nature of his conduct, and what appear to be his current efforts toward rehabilitation, we submit that the recommended sentence of 48 months is sufficient, but no greater than necessary, to achieve the goals of punishment, deterrence and rehabilitation of the defendant and request that the Court impose that sentence.

The government recommends also that the Court impose a sentence of three years supervised release. Given the length of time the defendant has engaged in drug use and drug trafficking, and his history of addiction, a substantial period of supervision is warranted.

    Respectfully submitted,

    RONALD C. MACHEN JR.
    United States Attorney

    MAGDELENA ACEVEDO
    Assistant United States Attorney
    D.C. Bar Number 982591

    _____/s/_____
    PATRICIA STEWART
    Assistant United States Attorney
    D.C. Bar Number 358910
    555 4th Street, N.W.
    Washington, D.C. 2030
    (202)252-7013 (Acevedo)
    (202) 252-7761 (Stewart)
    Magdalena.Acevedo@usdoj.gov
    Patricia.Stewart@usdoj.gov